

# SHERIFF JACK M. HALL

## LORAIN COUNTY SHERIFF'S OFFICE
9896 MURRAY RIDGE ROAD - ELYRIA. OHIO 44035

December 12, 2025

Ohio LEADS
Ohio Department of Public Safety
1970 West Broad Street
Columbus, Ohio 43223

### Subject: LORAIN COUNTY 911 SECURITY VIOLATION - CJIS

To LEADS Security Team:

I am writing to advise you of a potential CJIS security violation involving the Tyler / New World public safety data system at Lorain County 911.

The Tyler/New World public safety system is the central repository of public safety information for police, fire and EMS dispatching and reporting in Lorain County.  Most all Lorain County law enforcement agencies utilize this system for CAD/RMS and storage of their CJIS data. Many fire and EMS agencies utilize the system for dispatch and service call information. The Tyler/New World system has direct connectivity to Ohio LEADS, NCIC and CCH information.

Pursuant to a Memorandum of Understanding – Dispatch Operations (attached Exhibit A), the Lorain County Sheriff shall determine compliance with Ohio law and regulations of the LEADS, CCH and OHLEG systems utilized by personnel of Lorain County 911 (at paragraph 5 of Article IV, Section B). Additionally, the Lorain County Sheriff shall authorize access to the LEADS ORI utilized by Lorain County 911 (at paragraph 6 of Article IV, Section B).

My agency initiated a criminal investigation into a vendor utilized by Lorain County 911 known as ▮▮▮▮▮▮▮▮▮▮ and its principle – ▮▮▮▮▮▮▮▮ This investigation involves felony-level offenses and the investigation is being conducted by our public corruption unit.

On November 7, 2025 I met with the following individuals to advise them of an on-going investigation into the vendor and advised same to terminate access to CJIS-related information utilized by Lorain County 911: Jeff Riddell – County Commissioner; Jeff Armbruster – County Administrator; Kurt Scholl – 911 Director; Michael Davis – Deputy Director; Todd Sharkey – Director of IT Services; Billie Jo Belcher – Chief of Staff Lorain County Prosecutor / LASO for Lorain County Sheriff; Tony Cillo – Lorain County Prosecutor.



EXHIBIT

E

At the November 7th meeting, parties were provided with a directive by me which outlined the necessity to remove ███████████████ and ████████ from having access to CJIS data (attached Exhibit B) at Lorain County 911.

On December 8, 2025 I met with Commissioner Jeff Riddell who demanded that I lift the restriction and allow the vendor to have access to the Tyler/New World database to complete important work they required of her. I advised the vendor may have escorted access in the physical building of 911 and assist with fire/EMS projects that were not affiliated with CJIS, however she could not have access to CJIS data. He requested a letter by sent to County Administrator Jeff Armbruster clarifying my position on the vendor's access to the Lorain County 911 facility (attached Exhibit C). Later that day, Riddell sent me a text message requesting the vendor have access to the Sheriff's Office data as well. The text was ignored.

On December 10, 2025, I requested of our TAC – Russ Scarborough to conduct an audit regarding access of the vendor to the Lorain County 911 System – specifically the CJIS data of the system. The audit revealed the vendor continued to access the Tyler/New World database via "Mobile Law Enforcement" and "Enterprise Mobile" 22 times from November 9 – November 19, 2025 (attached Exhibit D).

Additionally, I was advised the vendor was assigned administrative rights to the Tyler/New World system with System Admin and Super_Auth_All (also known as the God Access with ultimate control of the public safety network) (attached Exhibit E). These rights were in full effect on December 10, 2025.

On December 11, 2025, I received correspondence from Lorain County Administrator Armbruster – dated December 10, 2025 who advised there was no longer a need to comply with my access request for the vendor as the vendor decided to terminate her relationship with the county (attached Exhibit F). A second audit of the vendor was conducted on this date and the vendor's access had remained unchanged.

I replied on Armbruster on December 11th requesting the vendor's access be immediately terminated per my original order dated November 7th and provided a deadline of 23:59 that evening to fulfill same (attached Exhibit G). Armbruster was advised that failure to do so would result in my staff removing the vendor after midnight. The vendor was removed from the system and administrative access terminated at 20:17 on December 11, 2025.

I would like to set a date with your team at your earliest convenience to discuss this issue and compliance regulations.

In your service,

*Jack M. Hall*

Jack M. Hall
Sheriff

Exhibit A

## MEMORANDUM OF UNDERSTANDING
## DISPATCH OPERATIONS

This Memorandum of Understanding (MOU) entered into by and between the Board of Commissioners of Lorain County, Ohio (Board) and the Phil R. Stammitti, in his capacity as the Sheriff of Lorain County (Sheriff) at Elyria, Ohio on the date both parties have affixed their signatures below.

### Preamble

WHEREAS, Sheriff as part of his duties operates the Lorain County Sheriff's Office Communication Center at the Lorain County Jail located at 9896 Murray Ridge Road, Elyria, Ohio; and

Whereas, said Communication Center provides dispatch services as part of the law enforcement function of the office of the Sheriff and the Sheriff employs deputies to operate the Communication Center; and further

WHEREAS, the Board operates the Lorain County 911 Center at 322 North Gateway Boulevard, Elyria, Ohio; and

Whereas, the Board provides dispatch services   for emergency services and employs personnel to operate the 911 Center; and

WHEREAS, in order to operate both dispatch centers in a more economically efficient manner, it is the desire of the Board and Sheriff to merge the dispatch services provided at the Sheriff's Communication Center with the 911 Center.

THEREFORE, IN CONSIDERATION OF the mutual promises and covenants herein contained and other good and valuable consideration the Board and Sheriff agree to collaborate in the merging of dispatch services provided by each party so as to achieve a single dispatching unit to be located at the 911 Center. The collaborative effort shall consist of the following steps:

### I.   Effective date of merger

A.      This MOU will take effect upon the date indicated below at which both parties have affixed their respective signatures.

B.      It will be the goal of the parties to effectuate consolidation of dispatch services at the earliest possible date, preferably the Fall or Winter of 2011. The parties as soon as practicable will agree upon a "switch over" date whereupon mirror dispatching will commence at the 911 Center.

C.      This MOU will continue from year to year unless terminated by mutual written

agreement of both parties.

D.      The parties acknowledge that the Board may merge dispatch services of other entities with operations at the 911 Center. Nothing in this MOU shall be deemed to preclude the Board from reaching a separate agreement with other entities for the operation of dispatch services at the 911 Center. Such an agreement may be made through separate agreement between the Board and entities, or may be done through amendment of this MOU. Any separate agreement made by the Board would be   completely   independent of this MOU and not subject to any of the terms and conditions of this MOU unless expressly provided therein.

## II.   Equipment

A.      The parties will collaborate through the use of in-house resources or with the assistance of consultants to identify and describe equipment that will   need to be procured or upgraded to conduct law enforcement dispatching operation as the 911 Center.

B.      The parties will collaborate through the use of in-house resources or with the assistance of consultants to evaluate the 911 Center and identify its present suitability for law enforcement dispatching and identify recommendations for present needs and projected expansion.

C.      The parties will collaborate through the use of in-house resources or consultants to preparer specifications and bids or request for proposals to obtain equipment or modify the 911 Center to accommodate the needs identified pursuant to Section II(A) & (B) immediately above.

## III.   Personnel

The parties recognize that the merger of the dispatch operations will require a consolidation of personnel into one unit. The parties further recognize that certain personnel will conduct safety dispatch services, and it will be conducive to the operations of the merged center to have the input and expertise of the Sheriff and his staff provide assistance, consultation and guidance relating to such activity. The parties agree to collaborate through the use of in-house resources or with the assistance of consultants in the implementation of the following procedures:

A      Re-organizational planning

1.      Prepare a written plan to reorganize the departments addressing staff functions and realignment of supervisory positions and responsibility. This will include a co-management transition plan that incorporates

management goals and ending targets.

    2.. The Sheriff and Board shall prepare Standard of Operations Procedures and other work and dispatching procedures for the combined operations at the 911 Center. The procedures shall be not become effective until approved by the Board.

    3. Prepare a detailed training program including defined milestones for unification of management and work functions. Establish parameters for background checks.

B. Implementation of staffing changes

    1. Meet with and coordinate with USWA to implement additional staffing , including establishing seniority "leveling: dates, work transition and addressing existing bargaining agreements.

    2.. Prepare layoff notices for dispatchers employed with the Sheriff.

    3. Recruit and hire additional supervisory staff.

    4. Conduct interviews and letters of employment at 911 for those dispatchers who are laid off from the Sheriff's office

## IV. Operations

A. Board responsibilities

    1. The Board shall be the "Appointing Authority" for all matters pertaining to hiring or terminating employees, and imposing major discipline involving suspension or loss of pay, etc.

    2. The Board shall be the Employer and handle all matters regarding contract and union negotiations.

    3. The Board shall be fiscal agent and contracting authority.

B. In order to infuse the expertise and experience of the Sheriff, the Sheriff will assist and collaborate in the conduct of day to day operations of the facility which require the qualifications and knowledge of safety force personnel, including the following:

1.   Sheriff will create and maintain Standard Operating Procedures (SOPs) which must be approved by the Board along with any major modifications as set forth in Section III(A)(2) above.

2.   Imposing minor discipline such as instruction & cautioning, written and reprimands.

3.   Sheriff shall conduct background investigations for employees and conduct investigations involving employee behavior issues.

4.   The parties shall consult and mutually determine the personnel who shall conduct Pre-Disciplinary Hearings.

5.   The parties acknowledge that the Law Enforcement Automated Data System (LEADS), Computerized History Records (CCH) and the Ohio Law Enforcement Gateway System (OHLEG) have restrictions imposed by law which limit persons who may have access to such programs.   The Sheriff shall determine compliance with the law and determine which personnel shall have access to that information.

6.   The Board anticipates that it will apply to have the 911 Center obtain approval as a LEADS Agency. Upon approval as a LEADS Agency, the authority for allowing access as provided in Article IV(B)(5) shall be the LEADS Agency to be managed by the Lorain County Sheriff.

7.   Sheriff shall swear in persons entitled to access to the information described above in Section (B)(5).

8.   Sheriff shall issue warrants and related document preparation.

C.   The parties acknowledge that until the Sheriff has completed training of the 911 Center personnel, it will be necessary for the Sheriff to maintain more intensive oversight during transition than will be necessary after transition in order to assure adequate law enforcement. Sheriff will oversee daily operations of dispatch services needed for law enforcement purposes until such time as the parties agree that the staff is properly trained. The training oversight transition period will terminate no later than one year from the date of this MOU unless mutually agreed in writing by the parties that it is necessary to extend the training to assure adequate dispatch services. Upon conclusion of the transition period, the Sheriff will continue with the role as set forth in division (B) of this Article.

## V.   Implementation goals

The parties recognize that the merger of two formally separate and independent operations will require a high level of cooperation and exchange of ideas and concepts. Realizing that every aspect of such large endeavor can not be anticipated, it is nevertheless the goal of the parties to accomplish this merger in an expeditious manner so as to obtain the economic benefit of cost savings. The parties further recognize the impact that such a consolidation has upon the personnel involved and agree to consider that impact in the implementation of this MOU

## VI. Amendment and Approval by LEADS

This MOU may be amended by written agreement of both parties. The parties agree that this Agreement shall be contingent upon the approval of LEADS and NCIC.

WHEREFORE, the parties hereto the Board of Commissioners of Lorain County, Ohio and the Lorain County Sheriff do hereunder set forth their signatures on the dates hereafter indicated.

LORAIN COUNTY BOARD
OF COMMISSIONERS:

Ted Kalo                    Date:

Lori Kokoski            Date:

Tom Williams          Date    8/24/2011

LORAIN COUNTY SHERIFF;

Phil R. Stammitti        Date:    08-24-11

Approved as to Form:

Gerald A. Innes, Assistant Prosecuting Attorney



## SHERIFF JACK M. HALL

## LORAIN COUNTY SHERIFF'S OFFICE
9896 MURRAY RIDGE ROAD - ELYRIA, OHIO 44035

EXHIBIT B

November 7, 2025

Lorain County Board of County Commissioners
Lorain County 911
226 Middle Avenue, 4th Floor
Elyria, Ohio 44035

**Subject: Formal Request for Removal of Consultant** ▮▮▮▮▮▮▮▮ **from Lorain
County 911 and CJI Access**

To the Lorain County Board of Commissioners,

I am writing to formally advise the immediate removal of ▮▮▮▮▮▮▮▮ from any role,
access, or involvement with Lorain County 911 (as outlined below), which is jointly managed
by the Lorain County Sheriff's Office and is subject to strict CJIS compliance requirements for
which the Sheriff is responsible.

Given my responsibility for law enforcement operations and CJIS compliance per the terms of
the MOU, I respectfully advise that ▮▮▮▮▮▮▮▮ shall be removed from all duties
related to the 911 agency as related to LEADS, NCIC and CJIS effective immediately and
that confirmation of this action be provided in writing no later than close of business on
Monday – November 10, 2025.

Thank you for your prompt attention to this matter. Please feel free to contact me directly
should you require any further information or clarification.

Thank you,

Jack M. Hall
Lorain County Sheriff



# SHERIFF JACK M. HALL

## LORAIN COUNTY SHERIFF'S OFFICE
9896 MURRAY RIDGE ROAD - ELYRIA, OHIO 44035

EXHIBIT C

December 8, 2025

Lorain County Board of County Commissioners
Lorain County 911
226 Middle Avenue, 4th Floor
Elyria, Ohio 44035

**Subject: Formal Request for Removal of Consultant ▮▮▮▮▮▮▮▮ from Lorain County 911 and CJI Access**

To the Lorain County Board of Commissioners,

Please accept this correspondence as an update to my original memorandum dated November 7, 2025 entitled with the same subject line.

▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮ would certainly have escorted access to the Lorain County 911 facilities (physical plant). Additionally, I cannot restrict the company nor ▮▮▮▮▮▮ from non-CJIS data or applications such as fire and EMS data tables, stored data or applications – nor the network access to such.

Please feel free to contact me if you have any questions regarding this update.

Thank you,

Jack M. Hall
Lorain County Sheriff

Case: 1:26-cv-01389-DAR  Doc #: 1-20  Filed:  06/17/26  10 of 15.  PageID #: 158

EXHIBIT D

| Yes | 11/19/2025 01:50:41 | 172.30.169.133 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/18/2025 13:50:39 | 172.30.165.97 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/18/2025 01:50:38 | 172.30.165.112 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/17/2025 13:50:36 | 172.30.165.112 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/17/2025 01:50:35 | 172.30.165.112 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/16/2025 13:50:33 | 172.30.165.112 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/16/2025 01:50:32 | 172.30.165.112 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/15/2025 13:54:13 | 172.30.164.29 | ip-172-30-164-29.us-gov-wes... | Enterprise Mo |
| Yes | 11/15/2025 13:50:30 | 172.30.164.29 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/15/2025 01:50:28 | 172.30.164.185 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/14/2025 13:50:26 | 172.30.164.185 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/14/2025 01:50:25 | 172.30.164.185 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/13/2025 13:50:23 | 172.30.164.185 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/13/2025 01:50:22 | 172.30.169.11 | TEPSCLTPRD.lcohdata.com | Mobile - Law F |
| Yes | 11/12/2025 13:50:20 | 172.30.169.11 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/12/2025 01:50:19 | 172.30.164.185 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/11/2025 13:50:17 | 172.30.164.185 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/11/2025 01:50:16 | 172.30.164.187 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/10/2025 13:50:14 | 172.30.164.187 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/10/2025 01:50:13 | 172.30.165.50 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/09/2025 13:50:11 | 172.30.169.122 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |
| Yes | 11/09/2025 01:50:10 | 172.30.164.151 | TEPSCLTPRD.lcohdata.com | Mobile - Law E |



User ▾

Name ▢

Agency
OH047013N

Username ▢

## General

☐ Domain User (Password will be managed externally)     ☐ Locked Out     ☑ Administrator     ☐ Inactive

• Username ▢

• User Alias
911

• Last Name ▢

Email Address ▢

• Default Agency
OH047013N

Assigned Map
LorainCoOH ▸

State ID ▢

☐ Reset Password     ☐ Force Password Change     ☐ Email Password

Password ▢

Confirm Password ▢

• Password Expiration Policy
Default ▸

☐ Expire User Account     User Account Expiration Date ▢

Save     Cancel

Exhibit E



☑ 911 Adm External Agen
☑ 911 TAC
☑ Administrator 2
☐ Alarm Management
☐ ALPD Administrative Secretary
☑ ALPD Administrator
☐ ALPD Chief
☐ ALPD Detective
☐ ALPD Detective Sergeant
☐ ALPD Dispatcher
☐ ALPD Dispatcher / Records

☑ Auth All
☑ Auth All 911

☐ Auth All LaGrange
☐ Auth All LCSO
☑ Auth All Lorain PD
☐ Auth All Metro Parks
☑ Auth All North Ridgeville PD

☐ Investigator
☑ LAPD Admin
☐ LAPD Det

☐ Link Privileges
☑ LORAIN COUNTY GLOBAL ACCESS
☐ Lorain County Metro Parks

☐ LPD Detention Officer Supervisor
☑ LPD IT Staff
☐ LPD Law Deparment

☐ NRPD Supervisors
☑ OPD Admin Staff
☐ OPD Chief

☐ Patrol Supervisor
☑ Personnel Admin
☐ Police CAD View

☑ Super_Auth_All
☑ System Admin - CAD
☑ System Admin - CMS
☑ System Admin - Fire
☑ System Admin - LERMS
☑ System Administrator



# LORAIN COUNTY COMMISSIONERS

**Marty Gallagher**     **David J Moore**     **Jeff Riddell**

---

Jeffry J Armbruster, County Administrator

EXHIBIT F

December 10, 2025

Dear Sheriff Hall:

I am responding to your letter to the Board of Commissioners dated December 8, 2025. Thank you for the update to your November 7, 2025, letter; however, your proposed accommodation to ███████ and her company is no longer relevant ███████ has retained legal counsel regarding its (and ███████) exclusion from Lorain County 911, which ██████ says interferes with ███████ contract with the County. Through counsel, ██ ████ has threatened to sue the County over what ███████ perceives as a threat of criminal prosecution and unlawful interference with ███████ contract with the County.

This, of course, has created a very real problem for the County because her expertise was an extremely valuable component to implementing and monitoring the County's 911 operations. The County is taking all expedient action to replace ███████ and ███████, but this situation unnecessarily threatens the County's 911 operations and increases the risk to Lorain County residents and first responders, which the County must now resolve. I hope that we can count on you to provide all necessary support to the next IT services provider at 911 as the County performs its duties as the operator and contracting authority for Lorain County 911.

Respectfully submitted,

Jeffry J Armbruster
Lorain County Administrator



# SHERIFF JACK M. HALL

## LORAIN COUNTY SHERIFF'S OFFICE
9896 MURRAY RIDGE ROAD - ELYRIA, OHIO 44035

EXHIBIT 6

December 11, 2025

Lorain County Board of County Commissioners
c/o Jeff Armbruster, Administrator
Lorain County 911
226 Middle Avenue, 4th Floor
Elyria, Ohio 44035

**Subject: December 10, 2025 Correspondence**

To Administrator Armbruster,

I am in receipt of your letter dated December 10, 2025.

Am I correct to understand from your letter that ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮
▮▮▮▮▮▮ have terminated their relationship with Lorain County – specifically Lorain County
911 due to your opining that my proposed accommodation for her and her company, "... is no
longer relevant?"

I ask this because after auditing the user credentials of Tyler Technologies on December 10,
2025 – the date of your correspondence, ▮▮▮▮▮▮▮▮ is credentialed as an administrator-
level account with "Super Administrator" and "Super_Auth_All" – having full and uninhibited
network control of the Tyler / New World public safety database which includes CJIS-
protected information. After receiving your correspondence on this date (November 11,
2025), I conducted a second audit and found no change in ▮▮▮▮▮▮▮▮ credentials.

This is quite disturbing to me as I directed the Board on November 7, 2025 pursuant to my
authorities under the Memorandum of Understanding Dispatch Operations (MOU) and
specific legal authorities as prescribed by the Ohio Revised Code to terminate the Tyler /
New World CJIS access for ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮. I learned this
directive was never complied with and ▮▮▮▮▮▮▮ continued to access CJIS-related
information as a super administrator through her network login audit trail until November 19,
2025.

▮▮▮▮▮▮▮ should have been removed from CJIS access on November 7, 2025. As you
indicate she is no longer affiliated with Lorain County, I am requesting proof of her removal
from the Tyler / New World public safety database system by 23:59 hours this date of
December 11, 2025. If de-activation / deletion of her account is not performed by the Board
as directed above, I will direct my staff to remove her credentials.

BUSINESS OFFICE: 440-329-3709  |  JAIL: 440-329-3770  |  INFORMATION: www.lorraincountysheriff.com

Page 2

As I interpret this as a CJIS security violation, I will report this circumstance to Ohio LEADS by the end of business day tomorrow (December 12, 2025). I will forward you and the Board a copy of my complaint and findings.

Please be advised that prior to the assignment of new personnel who will have CJIS access to the facilities and records of Lorain County 911, such persons are subject to a background investigation by my office pursuant to the MOU. I would recommend such persons be forwarded to my office for a background investigation prior to employment, however such investigation must be done prior to such person(s) having access to CJIS data.

You can certainly count on my office to provide all necessary support to the next IT services provider at 911 as it is my statutory and contractual duty to do so which I take this responsibility seriously for the safety of the residents of Lorain County.


In your service,

Jack M. Hall
Sheriff