## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between B4 Health Management, LLC and Christie Messinger (collectively, "Contractor") and the Lorain County Board of County Commissioners (the "Board"). Contractor and the Board shall be collectively referred to as the "Parties."

WHEREAS, Contractor previously provided IT consulting services to Lorain County under a Consulting Services Agreement dated August 27, 2024 (the "Contract");

WHEREAS, actions taken by the Lorain County Sheriff made a renewal of the Contract infeasible;

WHEREAS, as a result, the Parties wish to ensure that Contractor is appropriately paid for services provided and to resolve any and all claims between them;

WHEREAS, the Board, by resolution adopted at a duly noticed public meeting on MARCH 24          , 20 26 , authorized this Agreement upon the terms set forth herein. A copy of the resolution is attached hereto and incorporated into this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants, agreements, and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. RECITALS INCORPORATED. The foregoing Recitals are true and correct and are incorporated herein by reference.

2. RELEASE BY CONTRACTOR. In consideration of the Settlement Payment and other consideration set forth herein, Contractor, on behalf of itself and its officers, directors, members, managers, shareholders, employees, agents, heirs, executors, administrators, successors, and assigns (collectively, "Contractor Releasors"), hereby irrevocably releases, acquits, and forever discharges the Board, and each commissioner individually, (collectively, "County Released Parties") from any and all claims, demands, actions, causes of action, suits, debts, damages, obligations, liabilities, judgments, costs, and expenses of any kind or nature whatsoever, whether known or unknown, whether in law or in equity, that Contractor Releasors ever had, now have, or may have against the County Released Parties arising out of or relating to IT consulting services provided by Contractor pursuant to the Contract or any contractual relationship with the County or the Board.

3. SETTLEMENT PAYMENT. In full and final settlement of any all claims arising between the Parties related to their contractual relationship and services provided by Contractor, the Board shall authorize payment from Lorain County to Contractor in the total sum of Forty Thousand Dollars ($40,000) (the "Settlement Payment"). This payment is intended to encompass any amounts owed by Lorain County under the Contract and any amount owed under a new contract designed to provide training and onboarding services to Lorain County 911 (*See* Section 4, below).

Page 1 of 5

EXHIBIT

V

Payment of the Settlement Amount shall be made as follows:

    (i)     A payment in the amount of $20,000 upon execution of this Agreement and approval by the Board (the "First Payment").

    (ii)    30 days after the First Payment, a payment of $5,000 (the "Second Payment").

    (iii)   30 days after the Second Payment, a payment of $5,000 (the "Third Payment").

    (iv)   30 days after the Third Payment, a payment of $5,000 (the "Fourth Payment").

    (v)    30 days after the Fourth Payment, a final payment of $5,000 (the "Fifth Payment").

The Settlement Payment shall constitute the sole monetary obligation of the Board under this Agreement. Contractor shall be solely responsible for any and all taxes, if any, arising from receipt of the Settlement Payment.

4. **CONTRACTOR'S ADDITIONAL CONSULTING WORK.** As additional consideration for the Settlement Payment, Contractor agrees to provide as-needed consulting services to Lorain County 911 over 120 days as contemplated in Section 3. Contractor shall provide consulting services as directed by the Lorain County 911 Director (or a designated representative of the Lorain County 911 Director) on at least seven (7) days' notice to Contractor. Contractor's consulting services shall include two general categories: (1) documenting and summarizing the status of all current projects that Contractor was engaged on prior to its separation with the County (i.e., the status of cloud migration projects and Brazos-based projects), and (2) preparing specific Tyler New World training for existing and future IT staff. It is expected that Contractor's additional consulting work can be conducted by remote means. The Parties acknowledge that these services are not intended to create a partnership or employee-employer relationship between the Parties, and Contractor shall remain an independent contractor.

5. **NO ADMISSION OF LIABILITY.** This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability, fault, or wrongdoing by any Party.

6. **COMPLETENESS OF AGREEMENT; INTEGRATION.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations, representations, warranties, and understandings of the Parties with respect thereto. No oral statements or prior written material not specifically referenced or incorporated herein shall be of any force and effect.

7. **CONSTRUCTION AND INTERPRETATION.** This Agreement has been negotiated and drafted by the Parties and their respective counsel. The Parties agree that this Agreement shall not be construed more strictly against any Party as the drafter.

Any ambiguity in this Agreement shall not be resolved against any Party on the basis that such Party, or such Party's counsel, drafted this Agreement or any provision hereof. The Parties acknowledge that each Party and its counsel have reviewed and had the opportunity to revise this Agreement, and that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement or any amendments or exhibits hereto.

8. AMENDMENTS. This Agreement may not be modified, amended, or supplemented except by a written instrument signed by duly authorized representatives of both Parties and, to the extent required by Ohio law, authorized by Board resolution adopted at a public meeting.

9. REPRESENTATIONS AND WARRANTIES. Each Party represents and warrants that: (a) it has full authority to enter into this Agreement; (b) the person executing this Agreement on its behalf is duly authorized to do so; (c) this Agreement constitutes a valid and binding obligation of such Party enforceable against it in accordance with its terms; and (d) it has not assigned, conveyed, or otherwise transferred any of the claims being released hereunder.

10. GOVERNING LAW; VENUE. This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio, without regard to its conflict of law provisions. Any action related to this Agreement shall be brought exclusively in the Court of Common Pleas for Lorain County, Ohio.

11. ATTORNEY'S FEES. Each Party shall bear its own attorney's fees, costs, and expenses incurred in connection with the negotiation and preparation of this Agreement, except as otherwise expressly provided herein.

12. COOPERATION. Each Party agrees to execute such additional documents and take such further actions as may be reasonably necessary or appropriate to carry out the purposes and intent of this Agreement.

13. COUNTERPARTS; ELECTRONIC SIGNATURES. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Electronic or facsimile signatures shall be deemed valid and binding to the same extent as original signatures.

14. SEVERABILITY/WAIVER. If any provision of this Agreement is held to be invalid, illegal, or unenforceable, the remaining provisions shall continue in full force and effect. No waiver of any breach of this Agreement shall be construed as a waiver of any other or subsequent breach.

15. COMPLIANCE WITH OHIO LAW. The Parties acknowledge that this Agreement and any payments hereunder are subject to compliance with applicable Ohio law, including without limitation the Ohio Revised Code provisions governing county expenditures, public contracting, and open meetings.

16. EFFECTIVENESS. This Settlement Agreement shall become effective following the execution by all Parties and approval of Resolution _____, attached as Exhibit **A** (the "Effective Date").

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement and Release as of the Effective Date.

**LORAIN COUNTY, OHIO**
BOARD OF COUNTY COMMISSIONERS

By: _____
Name: _____
Title: County Commissioner
Date: _____

By: _____
Name: _____
Title: County Commissioner
Date: _____

By: _____
Name: _____
Title: County Commissioner
Date: _____

Approved as to form:

_____
[Counsel for Board of Commissioners]

Date: _____

**B4 Health Management, LLC**

*Christie Messinger*
By: _____
Name: Christie Messinger
Title: Owner
Date: Mar 16, 2026

**Christie Messinger, Individually**

*Christie Messinger*
_____
Date: Mar 16, 2026

Page **4** of **5**

**EXHIBIT A – BOARD RESOLUTION AUTHORIZING SETTLEMENT**

RESOLUTON NO. 26-188

In the matter of approving the Settlement Agreement )
and Release between B4 Health Management, LLC )
and Christie Messinger (collectively, "Contractor") )
and the Lorain County Board of Commissioners )

March 24, 2026

WHEREAS, B4 Health Management, LLC and Christie Messinger (collectively "Contractor") was an IT consulting for Lorain County 911; and

WHEREAS, actions taken by the Lorain County Sheriff made a renewal of the contract infeasible; and

WHEREAS, as a result, the Parties wish to ensure that contractor is appropriately paid for services provided and to resolve any and all claims between them; and

WHEREAS, in full and final settlement of all claims arising between the parties related to their contractual relationship and services provided, the county shall pay to contractor the total sum of $40,000. This payment is intended to encompass any amounts owed by Lorain County under the Contract and any amount owed under a new contract designed to provide training and onboarding services to Lorain County 911; and

WHEREAS, the first $20,000.00 payment will be paid upon execution of this agreement and thereafter $5,000.00 will be paid 30 days thereafter each month until July 31, 2026. These payments will be paid from Acct#3480.0000.100.000.03.7070.0000 (9-1-1 Other Expenses)

NOW, THEREFORE BE IT RESOLVED, that the Lorain County Commissioners is hereby authorized to sign the Settlement Agreement and Release, evidencing the Board's consent to the terms therein.

Motion by Moore, seconded by Riddell to adopt. Upon roll call the vote taken thereon, resulted as: Ayes: Moore, Riddell & Gallagher / Nays: None
Motion carried.

I, Theresa L. Upton, Clerk to the Lorain County Board of Commissioners do hereby certify that the above Resolution 26-188 is a true copy as it appears in Journal No. 26 on March 24, 2026.

Theresa L. Upton, Clerk